# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL ACTION NO. 3:02CR00036-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | AND **O R D E R** |
| | ) | |
| DAVID LLOYD BROWN | ) | BY: NORMAN K. MOON |
| | ) | UNITED STATES DISTRICT JUDGE |

This matter came before me on consideration of Defendant's motion to dismiss the petition for a warrant for an offender under supervision. Defendant argued that I lacked "jurisdiction to revoke [his] second term of supervised release, which has not yet commenced, based on newly discovered violations of the conditions of his previously revoked first term of supervised release." However, as I stated on the record at the revocation hearing, and as further explained herein, I did not revoke his second term of supervised release; rather, in keeping with precedent in this circuit, I held a second violation hearing and imposed additional prison time for violations committed prior to the preceding revocation hearing.

## I.

The facts and procedural history of this case are not in dispute.

In 2002, Defendant pleaded guilty to various charges, including conspiracy, bank fraud, and possessing counterfeit securities. On January 24, 2003, I sentenced him to a term of 100 months' imprisonment followed by a five-year term of supervised release.

Defendant's term of supervised release, which began on October 7, 2009, included, *inter alia*, the condition that he not commit another federal, state, or local crime. On October 23, 2013, the

United States Probation Office ("Probation") filed a supervised release violation report, petitioning to revoke the Defendant's term of supervised release based on the following technical violations: that he tested positive for cocaine on August 20, 2013, and tested positive for cocaine and opiates on October 22, 2013; that he failed to follow his probation officer's instructions, including failing to appear for an appointment on October 18, 2013; that he knowingly associated with a felon; and that he failed to enroll in a substance abuse treatment program. At a revocation hearing on November 21, 2013, I revoked his term of supervised release and sentenced him to seven months' imprisonment followed by a 12-month term of supervised release.

Three weeks later, a grand jury sitting in the Circuit Court for the City of Charlottesville, Virginia, indicted Defendant on four counts of distribution of a controlled substance, in violation of Virginia Code § 18.2-248, for conduct that occurred on September 12, September 25, October 12, and October 16, 2013, *i.e.*, conduct that occurred during his first term of supervised release, and before the revocation hearing on November 21, 2013. As a result of the indictment, on August 27, 2014, Defendant entered into a plea agreement for one count of distribution of a controlled substance, and on November 10, 2014, the state court sentenced him to 20 years of imprisonment with 16.5 years suspended, followed by a five-year term of probation.

Defendant's 12-month term of federal supervised release has yet to commence. Defendant served the seven months to which I sentenced him on November 1, 2013, and on June 5, 2014, the Federal Bureau of Prisons released him, but he remained jailed on a state detainer. After he was sentenced in state court on November 10, 2014, Probation filed a second supervised release violation report, seeking additional incarceration for Defendant's distribution of a controlled substance.

Although Defendant moved to dismiss the petition, there is no dispute that he committed the

conduct that constitutes the violations.

## II.

Under 18 U.S.C. § 3583(e)(3), a court may, upon finding by a preponderance of the evidence and after considering the appropriate factors, revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision . . . ." Applying the reasoning of *Johnson v. United States*, 529 U.S. 694, 706-07 (2000), the United States Court of Appeals for the Fourth Circuit has "held that a district court's revocation of a term of supervised release and imposition of a prison sentence [does] not deprive the court of its jurisdiction to hold a second violation hearing and impose additional prison time for violations committed prior to the revocation of the release." *United States v. Winfield*, 665 F.3d 107, 111 (4th Cir. 2012) (citing also *United States v. Johnson*, 243 Fed. Appx. 666, 668 (3d Cir. 2007)). A revocation of supervised release under § 3583(e)(3) differs from a termination under § 3583(e)(1); "'unlike a "terminated" order of supervised release, one that is "revoked" continues to have *some effect*.'" *Id*. (quoting *Johnson*, 529 U.S. at 705-06). In short, a district court retains jurisdiction, post-revocation, and thus has the power to impose additional prison time. *Id*. at 113.

In *Winfield*, the district court revoked a defendant's supervised release for technical violations and then subsequently revoked the term of supervised release a second time and imposed an additional sentence after the defendant was convicted of state drug offense that the defendant had committed before the first revocation hearing. *Id*. at 109. The Fourth Circuit upheld the subsequent revocation and additional sentence, rejecting the defendant's argument that the first revocation had

terminated his term of supervised release and therefore the district court no longer had jurisdiction. *Id*. at 110-12. The Fourth Circuit specifically held, *id*. at 112,

> that the district court's revocation of the term of supervised release at the [first] hearing did not end the court's jurisdiction over Winfield's release. As defined by the Supreme Court in *Johnson*, 529 U.S. at 706, a revocation of a term of supervised release is not equivalent to a termination of the release, and thus the revoked term remains in effect.

(Parallel citation omitted.)

Defendant contends that the facts in *Winfield* are distinguishable from the facts in this case because the *Winfield* district court knew of the defendant's pending state charges at the time of the first revocation hearing. To be sure, this is a distinction between the facts of the two cases.[1] However, this factual distinction has no effect on the analysis in either case. The relevant facts in both cases are that the defendant's term of supervised release was revoked, not terminated, and he was sentenced for "technical" violations of the supervised release conditions, and then he was later sentenced to additional time for "substantive" violations upon the resolution of charges in state court. [2]

---

[1] At the first supervised release revocation hearing in *Winfield*, "the parties agreed that the court should only proceed on the "technical" violations—charges not related to the commission of state offenses—and wait to hear the remaining "substantive" violations after their resolution in state court. After hearing the evidence, the district court found Winfield guilty of all technical violations." 665 F.3d at 109. Although "the district court's order imposing the sentence did not explicitly revoke Winfield's supervised release," *id*., the Court of Appeals assumed "that the district court effectively revoked Winfield's supervised release when it imposed the twelve month sentence at the [first] hearing," *id*. at 111-12, and noted that "[b]oth Winfield and the Government adopt this position in their briefs," *id*. at 112 n. 5.

[2] Contrary to Defendant's position, the Government did not request that Defendant's *second* term of supervision be revoked. In the first instance, it has yet to begin. *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment . . . ."). Moreover, the record in this case reflects that, at the November 2013 revocation hearing, I revoked Defendant's *first* term of supervised release, which commenced in October 2009; I did not terminate it. Thereafter, in November 2014, a further revocation of the *first* term of supervision that commenced in October 2009 was sought.

Case 3:02-cr-00036-NKM   Document 168   Filed 04/24/15   Page 4 of 6   Pageid#: 506

As for Defendant's argument that I should follow *United States v. Wing*, 682 F.3d 861, 868-69 (9th Cir. 2012), where the Ninth Circuit held that, when a district court revokes a term of supervised release, the court effectively terminates that period of supervised release and starts a new period of supervised release, I observe the following.

First, the supervised release violations at issue in *Wing* occurred after the defendant's first term of supervised release was revoked, *i.e.*, the conduct that constituted the violations occurred after the revocation. *Id*. at 863. Here, as in *Winfield*, 665 F.3d at 109, the conduct that constituted the violations occurred before the first term of supervision was revoked at the first hearing.

Second, the district court in *Wing* sentenced the defendant to an additional 33-month term of imprisonment after her second hearing without giving her credit for the time she had already served for the sentence imposed after the first hearing. Here, as I explained at the second revocation hearing, the additional 15-month sentence to which I sentenced Defendant accounts for the seven months he has already served for the first, "technical" violations.[3]

And third, although the Ninth Circuit reasoned that the Supreme Court's "unconventional" definition of "revoke" in *Johnson v. United States*, *supra*, 529 U.S. at 706-08, is obsolete in light of the 1994 amendments to 18 U.S.C. § 3583(e)(3), *see Wing*, 682 F.3d. at 870, the Fourth Circuit found "persuasive" the "sound analysis that concludes that a district court retains its § 3583(e)(3) power to impose additional prison time post-revocation," *Winfield*, 665 F.3d at 113 (citation omitted).

---

[3] I imposed a sentence of seven months at the first revocation hearing for the "technical" violations, and a term of 15 months at the second hearing for the "substantive" violations, resulting in a total term of 22 months.

## III.

Accordingly, and as stated on the record at the hearing on this matter, Defendant's motion to dismiss the petition for a warrant for an offender under supervision on the ground that the court lacks jurisdiction (docket no. 161) is **DENIED**. An appropriate judgment order accompanies this memorandum opinion and order.

**ENTERED** this  24th  day of April, 2015.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE